**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **PETER J. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-250-RAH-CWB** |
| | ) | |
| **SUBWAY #27739-0, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff Peter J. Smith, who is proceeding *pro se*, filed this action on April 1, 2025 (Doc. 1) and thereafter sought leave to proceed *in forma pauperis* (Doc. 6).  By Order entered April 17, 2025 (Doc. 7), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e).  After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order on April 18, 2025 directing Plaintiff to file an Amended Complaint no later than May 2, 2025.  (Doc. 8).  The Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint.  (*Id.*).  Plaintiff further was cautioned "**that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure may result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original).  Notwithstanding the directive to replead and warning against not doing so, Plaintiff failed to take any action by the imposed deadline.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  Such authority "is necessary in order to

1

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). Here, the court finds that Plaintiff's failure to replead or otherwise respond by the imposed deadline constitutes a clear record of delay and/or willful contempt; and the court further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff failed to take action despite having been warned about a potential dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the March 12, 2025 Order (Doc. 9). In short, the Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. To satisfy Rule 8(a), a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, although Plaintiff asserts a violation of his civil rights and alleges that he was discriminated against because of his "race (Black), age (60) and gender (Male)" (*see* Doc. 1 at p. 2, ¶ 5), he includes no factual allegations to suggest any such motivation. Plaintiff additionally makes reference to various other legal theories, including "Elder Abuse," "federal witness tampering," "defamation," "retaliation," and "creating a hostile environment" (*see id.*), but again he fails to identify any supporting legal or factual basis. Moreover, Plaintiff acknowledges that a number of his purported "claims" are for alleged criminal violations (*see id.* at pp. 1-2, ¶¶ 4-5), but he has cited no authority that would vest him with a personal right of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence .., a private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."). So even construed liberally, Plaintiff's vague and conclusory allegations are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that are routinely deemed insufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)). *See also Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted).

For all of these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **May 28, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 14th day of May 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**